# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY TOLSON | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-10-864 |
| WARDEN J. PHILLIP MORGAN, *et al.* | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending in the above-captioned case is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 16. Although he was advised of his right to file a response in opposition to Defendants' motion and of the consequences of failing to do so, Plaintiff has not filed anything further in this case. *See* ECF No. 17. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

### Background

Plaintiff is a prisoner incarcerated at Western Correctional Institution (WCI). He arrived at WCI on March 25, 2010, and claims he sent several letters via institutional mail to the warden upon his arrival explaining that a "hit" had been placed on him by members of a security threat group known as Dead Men Inc. (DMI). ECF No. 5 at p. 7. Plaintiff was initially placed on protective custody when he arrived at WCI and had been so assigned at the Maryland Reception Diagnostic and Classification Center (MRDCC). *See* ECF No. 16 at Ex. 1. Plaintiff claims his letters to the warden concerning his need to remain in protective custody were ignored. ECF No. 5 at p. 7. Despite his stated fears regarding general population assignment, Plaintiff states that a

case management review team decided to remove him from protective custody and did so without investigating his claims.

Plaintiff refused general population housing assignment and received 30 days of disciplinary segregation on April 2, 2010. ECF No. 5 at p. 8. Plaintiff again related his fears to the warden on April 12, 2010, and received a response the following day from the warden supporting the case management's decision to move him to general population. *Id*. Plaintiff states the disciplinary proceeding against him should have been reversed by the warden when it was made clear that he refused to go into general population based on legitimate fear of gang violence against him. As relief, Plaintiff seeks an order placing him in protective custody or a transfer to an institution where the DMI is not active. ECF No. 5.

The basis of Plaintiff's fear of a gang hit on his life stems from his participation in a television show, Gangland, in which he was interviewed as a high-ranking member of DMI. ECF No. 16 at Ex. 1. The show aired on April 23, 2009. When Plaintiff was interviewed by a case management team on March 31, 2010, he provided inconsistent stories with respect to protective custody. First, he stated he wanted to participate in programming and get through his current term of incarceration; he later claimed he was assaulted at Eastern Correctional Institution (ECI) in 2007 because of his participation in the television show. The show was not filmed until 2008. *Id*. Due to the inconsistencies in Plaintiff's statements and his former affiliation with DMI, the case management team concluded he was not eligible for protective custody housing under applicable regulations, Division of Correction Directive (DCD) 100.002.18.

At the time the episode of Gangland which featured Plaintiff aired, he was incarcerated under a different idenfication number and suffered no adverse consequences linked to the show.

ECF No. 16 at Ex. 1, p. 2. Prison staff were also concerned that while Plaintiff claims DMI is after him, he is an admitted former member with ties to the gang. If Plaintiff's requests to remain on protective custody were granted he would be in a position to "wreak havoc" on the inmates housed there should he decide to return to the gang. *Id*. Plaintiff has been transferred to Jessup Correctional Institution (JCI). ECF No. 16 at Ex. 10.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The sole relief sought by Plaintiff is a transfer to another prison. Defendants assert and Plaintiff fails to refute that he has been transferred. In order for this Court to adjudicate the merits of a case, the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 478 (1990) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Plaintiff has received the relief he sought; therefore, his claim is moot.

A separate Order, granting Defendants summary judgment, follows.

Date: February 22, 2011  _____/s/_____
Alexander Williams, Jr.
United States District Judge